# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMIE HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-50286 |
| | ) | |
| v. | ) | Hon. Iain D. Johnston |
| | ) | |
| MERCY HEALTH CORPORATION, et al., | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Defendants. | ) | |

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all putative Class Members, and Defendants, as defined herein.

**1.     ARTICLE 1 – RECITALS**

**1.1**     On August 4, 2020, Class Representatives Jamie Hill and Kathryn Neild filed a Class Action Complaint (ECF No. 2) in the United States District Court for the Northern District of Illinois, asserting claims against Defendants under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in relation to the management of the Mercy Health Corporation Employees' Retirement Plan (the "Mercy Plan"), the Rockford Health System Retirement Plan (the "RHS Plan"), and the Rockford Health Physicians Retirement Plan (the "RHP Plan") (the Mercy Plan, the RHP Plan, and the RHS Plan are collectively referred to herein as the "Plans").

**1.2**     On November 17, 2020, the Settling Parties requested that the Court adopt a plan of discovery which required each Settling Party to produce essential documents relating to the Action, which the Court approved ("Discovery Plan").  ECF Nos. 38, 39.

     **1.3**     Plaintiffs filed an Amended Class Action Complaint on November 20, 2020, adding Tricia Marvin as a class representative. ECF No. 40.

     **1.4**     On December 23, 2020, Defendants filed a Motion to Dismiss the Amended Class Action Complaint.  ECF No. 48.

     **1.5**     On April 19, 2021, the Settling Parties filed a joint status report informing the Court that the Settling Parties had completed the production of documents required by the Discovery Plan.  ECF No. 53.  On April 20, 2021, the Court stayed all the proceedings pending a a ruling on Defendants' motion to dismiss.  ECF No. 54.

     **1.6**     The Settling Parties engaged in a full-day mediation on August 31, 2021 before David Geronemus (the "Mediator"), during which the Settling Parties engaged in arm's length negotiations and reached a settlement in principle.  The entire terms of the Settling Parties' settlement are memorialized in this Settlement Agreement.

     **1.7**     The Class Representatives and Class Counsel consider it desirable and in the Plans' and Class Members' best interests that the claims against Defendants be settled on the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in significant benefits to the Plans and the Class.

     **1.8**     Defendants deny all liability to the Class Representatives and the Plans, deny all of the claims made in the Action, deny all allegations of wrongdoing made in the Complaint in this action, and deny that the Class Representatives, the Plans, or any of the Plans' current or former participants suffered any losses.  Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plans.  This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event be construed as, or be deemed to be evidence of, an admission or concession on Defendants' part (or

on the part of any officers or employees of Defendants with responsibility for the Plans' investments or administrative functions) of any fault or liability whatsoever.

1.9     To avoid the risks and uncertainty of further litigation, and after consulting with counsel and considering the facts and applicable law, the Settling Parties wish to fully and finally resolve this Action upon the terms and conditions set forth in this Settlement Agreement.

1.10     Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

## 2.     ARTICLE 2 – DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 13.16), unless otherwise defined, the following terms have the meanings specified below:

2.1     "Action" means the action captioned *Jamie Hill, et al. v. Mercy Health Corporation, et al.*, No. 3:20-cv-50286, in the United States District Court for the Northern District of Illinois.

2.2     "Active Account" means an individual investment account in the Plans with a balance greater than $0.00.

2.3     "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (1) all fees, expenses, and costs associated with providing the Settlement Notices to the Class; (2) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (3) all expenses and costs associated with the calculations pursuant to the Plan of Allocation and distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (4) all fees and expenses associated with the Settlement Website and telephone support line described in Article 12; and (5) all other fees and expenses of the Settlement Administrator, Independent Fiduciary, and the Escrow Agent; and (6)

3

all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715. Excluded from Administrative Expenses are Defendants' internal expenses, recordkeeping expenses, and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

2.4 "Alternate Payee" means a person other than a Current Participant, Former Participant, or Beneficiary in the Plans who is entitled to a benefit under the Plans as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to a participant's account balance during the Class Period, and the relevant account was an Active Account in one or more of the Plans during the Class Period.

2.5 "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the expenses incurred by Class Counsel in connection with the Action, which shall be recovered from the Gross Settlement Amount.

2.6 "Beneficiary" means a person who is entitled to receive a benefit under any of the Plans that is derivative of a deceased Current Participant's or Former Participant's interest in any of the Plans, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child or other individual, entity, or trust designated by the Current Participant or Former Participant as determined under the terms of the Plans who currently is entitled to a benefit.

2.7 "Business Days" refers to the days between Monday and Friday of each week, inclusive, and excludes the "Legal Holidays" specified in Federal Rule of Civil Procedure 6(a)(6).

2.8 "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

**2.9** "Rollover Form Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

**2.10** "Class Counsel" means Nichols Kaster, PLLP, 4700 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402, and Walcheske & Luzi, LLC, 15850 W. Bluemound Road, Suite 304, Brookfield, Wisconsin 53005.

**2.11** "Class Members" means each of the individuals in the Settlement Class.

**2.12** "Class Period" means the period from (and including) August 3, 2014 through (and including) the date the Court enters the Preliminary Approval Order.

**2.13** "Class Representatives" means Jamie Hill, Kathryn Neild, and Tricia Marvin.

**2.14** "Class Representative Compensation" means the amount awarded by the Court as compensation for the services provided by the Class Representatives in the Action and the risks assumed by the Class Representatives in the Action.

**2.15** "Complaint" means the Complaint filed in this Action on August 4, 2020, and the Amended Class Action Complaint filed on this Action on November 20, 2020, collectively.

**2.16** "Court" means the United States District Court for the Northern District of Illinois.

**2.17** "Court of Appeals" means the United States Court of Appeals for the Seventh Circuit.

**2.18** "Current Participant" means a Class Member who has an Active Account in any of the Plans as of September 30, 2021.

**2.19** "Defendants" means Mercy Health Corporation and Mercy Health System Corporation.

**2.20** "Defendants' Counsel" means counsel for Defendants, Morgan Lewis & Bockius LLP.

**2.21** "Effective Approval Order" means the Final Approval Order once it becomes Effective.

**2.22** "Effective" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Effective thirty-five (35) calendar days after its entry.

**2.23** "Escrow Agent" means Alerus Financial, or another entity agreed to by the Settling Parties.

**2.24** "Fairness Hearing" means the hearing scheduled by the Court to consider (1) any objections from Class Members to the Settlement Agreement; (2) Class Counsel's request for Attorneys' Fees, Costs, and Administrative Expenses; and the Class Representatives' request for Class Representative Compensation; and (3) whether to finally approve the Settlement pursuant to Fed. R. Civ. P. 23.

**2.25** "Final Approval" means the entry of the Final Approval Order.

**2.26** "Final Approval Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

**2.27**    "Former Participant" means a Class Member who participated in the Plans during the Class Period but did not have an Active Account in any of the Plans as of September 30, 2021.

**2.28**    "Former Participant Rollover Form" means the form described generally in Paragraph 3.3.2 and substantially in the form attached as Exhibit 3.

**2.29**    "Gross Settlement Amount" means the sum of three million, nine hundred thousand dollars ($3,900,000.00), contributed to the Qualified Settlement Fund pursuant to Article 5.  The Gross Settlement Amount shall be the full and sole monetary payment made on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement, pursuant to Paragraph 5.6.

**2.30**    "Independent Fiduciary" means the person or entity selected by Defendants to serve as an independent fiduciary to the Plans with respect to the Settlement Agreement for the purpose of rendering the determination described in Article 3 herein.

**2.31**    "Mediator" means David Geronemus, Esq. of JAMS, 620 Eighth Ave., 34th Floor, New York, NY 10018.

**2.32**    "Mercy Plan" means the Mercy Health Corporation Employees' Retirement Plan.

**2.33**    "Net Settlement Amount" means the Gross Settlement Amount minus:  (1) all Attorneys' Fees and Costs approved by the Court; (2) all Class Representative Compensation approved by the Court; and (3) all Administrative Expenses approved by the Court and all tax-related expenses pursuant to Paragraph 5.3.

**2.34**    "The Plans" means the Mercy Health Corporation Employees' Retirement Plan, the Rockford Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan, collectively.

7

**2.35**    "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6 herein.

**2.36**    "Preliminary Approval Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Preliminary Approval of the Settlement, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 4.

**2.37**    "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent pursuant to Article 5 herein as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.38**    "Released Parties" means (1) each Defendant; (2) each Defendant's past, present, and future parent corporation(s); (3) each Defendant's past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (4) with respect to (1) through (3) above, all of their affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers (including their owners and employees), consultants, subcontractors, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, personal representatives, heirs, executors, administrators, associates, and all persons acting under, by, through, or in concert with any of them; and (5) the Plans and any and all administrators, fiduciaries (with the exception of the Independent Fiduciary), advisors, consultants, service providers, parties in interest, and trustees of the Plans.

**2.39**    "Released Claims" means any and all claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, including both known

and unknown claims, whether class, derivative, or individual in nature against any of the Released Parties and Defendants' Counsel:

      **2.39.1** That were asserted in the Action or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that are were alleged or asserted in the Action or could have been alleged or asserted based on the same factual predicate, whether or not pleaded in the Complaint, including but not limited to those that arise out of, relate to, are based on, or have any connection with: (1) the overall structure, management, or monitoring of the Plans' investment menus; (2) the selection, removal, monitoring, oversight, retention, fees, expenses, or performance of the investment options available under the Plans; (3) the selection, monitoring, oversight, retention, fees, expenses, or performance of the Plans' service providers, including without limitation brokers, managed account service providers, and administrative and/or recordkeeping service providers; (4) the selection, monitoring, oversight or retention of other fiduciaries; (5) fees, costs, or expenses charged to, paid, or reimbursed by the Plans; (6) the services provided to the Plans or the costs of those services; (7) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties relating to the the Plans' investment options, managed account service, or the Plans' service providers; (8) engaging in self-dealing or prohibited transactions in relation to the Plans' investment options, managed account service, or the Plans' service providers, or any alleged breach of the duty of loyalty, care, or prudence; and/or (9) any assertions with respect to any fiduciaries or service providers of the Plans (or the selection or monitoring of those fiduciaries) in connection with the foregoing; or

**2.39.2** That would be barred by res judicata based on entry by the Court of the Final Approval Order; or

**2.39.3** That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund pursuant to the Plan of Allocation or to any action taken or not taken by the Settlement Administrator in the course of administering the Settlement; or

**2.39.4** That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

**2.40** "RHP Plan" means the Rockford Health Physicians Retirement Plan.

**2.41** "RHS Plan" means the Rockford Health System Retirement Plan.

**2.42** "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.43** "Settlement Administrator" means Analytics Consulting LLC, an independent contractor to be retained by the Settling Parties and approved by the Court for purposes of preparing and disseminating the CAFA notices, sending the Settlement Notices to the Class, establishing the Settlement Website and telephone support line, and administering the Settlement as provided in this Settlement Agreement.

**2.44** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.45** "Settlement Class" means the following class to be certified by the Court:

> All participants and beneficiaries of the Mercy Health Corporation Employees' Retirement Plan at any time from August 3, 2014 through the date the Court enters the Preliminary Approval Order, and all participants and beneficiaries of the Rockford Health System Retirement Plan and Rockford Health Physicians Retirement Plan at any time from January 1, 2017 through the date the Court enters the

10

Preliminary Approval Order, excluding members of the Mercy Health Corporation ERISA Benefit Plans Advisory Committee for the Plans at any time during the Class Period.

2.46    "Settlement Effective Date" means the date on which the Final Approval Order becomes Effective, provided that by such date the Settlement has not been terminated pursuant to Article 11.

2.47    "Settlement Notices" means the Notices of Class Action Settlement and Fairness Hearing to be mailed by first class mail by the Settlement Administrator to Class Members following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibits 1 and 2, including the Notice of Class Action Settlement and Fairness Hearing to Current Participants, and the Notice of Class Action Settlement and Fairness Hearing to Former Participants, respectively.  The Settlement Notices shall inform Class Members of all information required by Rule of Civil Procedure 23 and due process, including their right to object to the Settlement and to attend the Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notices may be heard regarding: (1) the terms of the Settlement Agreement; (2) Class Counsel's request for an award of Attorneys' Fees and Costs and Administrative Expenses; and (3) any requested Class Representative Compensation.  The Settlement Notices also shall inform Former Participants of the Rollover Form Deadline.

2.48    "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of nine months thereafter.

2.49    "Settlement Website" means the internet website established pursuant to Paragraph 12.1.

2.50    "Settling Parties" means Defendants and the Class Representatives, on behalf of themselves, the Plans, and each of the Class Members.

11

**2.51**    "Voya Funds" means the Voya Corporate Leaders 100 Fund, Voya Intermediate Bond Fund, Voya Large Cap Growth Port Srv Fund, and Voya Small Cap Opportunities Fund, affiliated with the Plans' recordkeeper, Voya, and offered through the Plans.

**3.    ARTICLE 3 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS**

**3.1**    The Independent Fiduciary shall be retained by Defendants, on behalf of the Plans, to determine whether to approve and authorize the settlement of Released Claims on behalf of the Plans.

**3.1.1**    The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Exemption 2003-39, "Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination for the purpose of Defendants' reliance on PTE 2003-39.

**3.1.2**    The Independent Fiduciary shall notify Defendants and Class Counsel of its determination in writing and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

**3.1.3**    All fees and expenses associated with the Independent Fiduciary's retention and determination will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

**3.1.4**    Defendants, Defendants' Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

**3.2**    Reasonably promptly upon execution of this Settlement Agreement, the Class Representatives, through Class Counsel, shall file with the Court a motion seeking preliminary approval of this Settlement Agreement, and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit 4.  The Preliminary Approval Order to be presented to the Court shall, among other things:

**3.2.1**    Certify the Settlement Class for settlement purposes under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

**3.2.2**    Approve the text of the Settlement Notices for mailing to Class Members and the appropriate Former Participant Rollover Form for mailing to Former Participants;

**3.2.3**    Order the Settlement Administrator to mail by first class mail a Settlement Notice to each Class Member and a Former Participant Rollover Form to each Former Participant identified by the Settlement Administrator based upon the data provided by the Plans' recordkeeper;

**3.2.4**    Determine that mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process;

**3.2.5**    Preliminarily enjoin each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different

13

from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims;

**3.2.6** Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plans;

**3.2.7** Set the Fairness Hearing for no sooner than one hundred thirty (130) calendar days after the date of the Preliminary Approval Order, in order to determine whether (1) the Court should approve the Settlement as fair, reasonable, and adequate, (2) the Court should enter the Final Approval Order, and (3) the Court should approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives Compensation;

**3.2.8** Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing;

**3.2.9** Provide that any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing;

**3.2.10** Set a deadline of no later than ten (10) calendar days before the Fairness Hearing by which each Former Participant must file a Former Participant Rollover Form

with the Settlement Administrator in order receive their distribution in the form of a rollover pursuant to the Plan of Allocation; and

**3.2.11** Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website, be adjourned or continued by order of the Court.

**3.2.12** Approve the form of the CAFA notices attached as Exhibit 6 and order that upon mailing of the CAFA notices, Defendants shall have fulfilled their obligations under CAFA.

**3.3** Within forty-five (45) calendar days of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall:

**3.3.1** Cause to be mailed to each Class Member a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 1 and 2, to Current Participants and Former Participants, respectively, or a form subsequently agreed to by the Settling Parties and the Court. The Settlement Notice shall be sent by first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plans' recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper (or its designee). The Settlement Administrator also shall post a copy of the Settlement Notices on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

      **3.3.2**    Cause the appropriate Former Participant Rollover Form, which shall be in substantially the form attached as Exhibit 3, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed to the Former Participants.

    **3.4**    The Settlement Administrator shall also, within ten (10) calendar days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Approval Order, have prepared and provided CAFA notices to the Attorney General of the United States and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715. The costs of such notice shall be paid from the Qualified Settlement Fund and shall be considered Administrative Expenses. The Settlement Administrator shall provide the Settling Parties with notice in writing upon completion of the provision of CAFA notices to the above-referenced persons.

    **3.5**    Defendants shall cause the Plans' recordkeeper or its designee(s) to provide the Settlement Administrator with all information necessary to send the Settlement Notices and Former Participant Rollover Forms no later than fifteen (15) Business Days before the Settlement Notices are to be distributed. Thereafter, Defendants and/or the Plans' recordkeeper shall respond timely to all written requests, including by email, from the Settlement Administrator for readily accessible data that are reasonably necessary to implement the Plan of Allocation and disburse the Net Settlement Amount to eligible members of the Settlement Class.

      **3.5.1**    The Settlement Administrator shall be bound by confidentiality and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

**3.5.2**    The Settlement Administrator shall use the data provided by Defendants and the Plans' recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.5.3**    The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

4.    **ARTICLE 4 – FINAL SETTLEMENT APPROVAL**

**4.1**    No later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit 5) in the form approved by Class Counsel and Defendants, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement.  The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1**    For approval of the Settlement and the release of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plans and the Class Members and directing the Settling Parties to take all necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2**    For a determination that mailing the Settlement Notices constituted the best notice practicable under the circumstances and that due and sufficient notice of the Fairness

17

Hearing and the rights of all Class Members was provided, consistent with Federal Rules of Civil Procedure 23 and the requirements of due process;

**4.1.3**    For dismissal with prejudice of the Action and all Released Claims asserted therein whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

**4.1.4**    That the Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plans, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Rollover Form, whether or not a such Class Members actually received the Settlement Notices, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

**4.1.5**    That the Plans and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plans

18

shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plans or any Class Member on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Action and the Released Claims;

**4.1.6**   That the Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plans from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.7**   That all applicable CAFA requirements have been satisfied;

**4.1.8**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Former Participant pursuant to the Plan of Allocation approved by the Court;

**4.1.9**   That, with respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion; and

**4.1.10**   That within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and

Defendants' Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.1.11** The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.

**4.2** The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon becoming Effective, all Settling Parties, the Settlement Class, and the Plans shall be bound by the Settlement Agreement and by the Final Approval Order.

## 5. ARTICLE 5 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

**5.1** No later than ten (10) Business Days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2** For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross

Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Settlement Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

5.3     Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defendants' Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Defendants, Defendants' Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate

with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

**5.4**     Within twenty (20) Business Days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to Defendants in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, Defendants or their insurers shall deposit  one hundred thousand dollars ($100,000.00) of the Gross Settlement Amount to the Escrow Agent for deposit into the Qualified Settlement Fund.

**5.5**     Within twenty (20) Business Days after the Settlement Effective Date, Defendants or their insurers shall deposit the remainder of the Gross Settlement Amount ($3,800,000.00) into the Qualified Settlement Fund.

**5.6**     Subject to Section 7.1 in this Settlement Agreement, in no event shall any of the Defendants be required to make payments or incur any expenses in excess of the Gross Settlement Amount.  The Gross Settlement Amount shall be the only amount paid by Defendants (or their insurers) under this Settlement Agreement, and Defendants shall not be obligated to make any other payments under this Settlement Agreement or in connection with this Settlement including but not limited to any payments that the Class Representatives or Class Members may claim they are entitled to under the Plans as a result of this Settlement or any Class Representatives' or Class Members' recovery under this Settlement.

**5.7**     The Escrow Agent shall invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States

Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

      **5.8**    The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defendants' Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

      **5.9**    After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: First, within twenty (20) Business Days of the Settlement Effective Date, all Administrative Expenses approved by the Court shall be paid. Second, within sixty (60) calendar days of the Settlement Effective Date, (a) any Class Representative Compensation approved by the Court shall be paid; (b) all Attorneys' Fees and Costs approved by the Court shall be paid to Class Counsel; and (c) the Net Settlement Amount will be distributed pursuant to the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

      **5.10**    The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

5.11    No later than February 15 of the year following the calendar year in which Defendants, their insurers, or agents make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article 5, Defendants, their insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants, its insurers, or agents make a transfer to the Qualified Settlement Fund.

6.    **ARTICLE 6 – PLAN OF ALLOCATION**

6.1    After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Former Participants as set forth in Paragraph 6.6 below, and to the Plans for distribution to the accounts of Current Participants as set forth in Paragraph 6.5 below, both in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.2    To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or a Former Participant, or a Beneficiary or Alternate Payee of such a person. Current Participants shall receive their settlement payments as contributions to their account(s) in the Plans, as provided for in Paragraph 6.5 below, unless, as of the date of their settlement payments, they no longer have an Active Account in the Plans, in which case they shall be treated as Former Participants.  Former Participants shall receive their settlement payments in the form of checks or, if permitted by the Settlement Administrator, in the form of tax-qualified rollovers to an individual retirement account or other eligible employer plan, as provided in Paragraph 6.6 below.

6.3    Beneficiaries will receive settlement payments as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the

24

Former Participant with respect to which the payment is made. This includes settlement payments to Beneficiaries determined by the participant's account(s) in the applicable Plan(s) during the Class Period and/or by the Beneficiary's own account(s) in the applicable Plan(s) during the Class Period if an account was created in one or more of the Plans for the participant's Beneficiary. Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Current Participant's or Former Participant's allocation under this Article 6 pursuant to the terms of the applicable Qualified Domestic Relations Order. Beneficiaries and Alternate Payees with Active Accounts as of the date of the Motion for Preliminary Approval will receive payments by the method described in this Article 6 for Current Participants, subject to Paragraph 6.5.6 below. Beneficiaries and Alternate Payees who do not have Active Accounts as of the date of the Motion for Preliminary Approval will receive payments by the method described in this Article 6 for Former Participants. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.4 **Calculation of Settlement Payments**. Payments to Former Participants and Current Participants (including Beneficiaries and Alternate Payees) shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

6.4.1 In order to perform the calculations required under this Settlement Agreement, and pursuant to Paragraph 3.5, the Settlement Administrator shall obtain from the Plans' recordkeeper the quarterly account balances for all Class Members during the Class Period and their balances, if any, in each of the Voya Funds. For each such Class Member, the Settlement Administrator shall determine an Average Settlement Allocation Score, as follows:

Each Class Member's *Settlement Allocation Score* shall be computed quarterly throughout the Class Period based on such Class Member's quarter-ending account balances during the Class Period, such that each dollar invested in the Plans equals one (1) Point, and each dollar invested in the challenged Voya funds equals an additional one half (0.5) Point. A Participant's *Average Settlement Allocation Score* shall be the average of the Participant's quarterly *Settlement Allocation Scores* during the Class Period, weighted to account for partial quarters.

**6.4.2** The Settlement Administrator shall determine the total settlement payment available to each Former Participant and Current Participant by calculating each such Former Participant's and Current Participant's pro-rata share of the Net Settlement Fund based on his or her Average Settlement Allocation Score compared to the sum of the Average Settlement Allocation Scores for all Former Participants and Current Participants. If the dollar amount of the settlement payment to a Former Participant is calculated by the Settlement Administrator to be less than $5.00, then that Former Participant's pro-rata share shall be zero for all purposes, and his or her share shall be reallocated amongst the other Class Members.

**6.4.3** The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Former Participants under Paragraph 6.6 of the Settlement Agreement; and (b) instructing the Plans' recordkeeper as to the amount of the Net Settlement Fund to be allocated to Current Participants under Paragraph 6.5 of the Settlement Agreement and calculating the total amount to deposit in the Plans to fulfill this instruction.

**6.4.4** The total amount of all tax-qualified rollovers or checks to be written by the Settlement Administrator for Former Participants, plus the total amount of all allocations that the Plans' recordkeeper is instructed to make to Current Participants may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that

26

the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro-rata changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.5    Payments to Current Participants**.    Current Participants will automatically receive a settlement payment to their accounts in the Plans.

**6.5.1**    Within five (5) Business Days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide Defendants (or their designee) and the Plans' recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and Defendants, with an Excel spreadsheet (or other format acceptable to the Plans' recordkeeper) containing the name, the amount of the settlement payment for each of the Current Participants, and any other information requested by Defendants or the Plans' recordkeeper as necessary to effectuate this provision.    This shall include a breakdown showing which portion of the settlement payment shall be allocated to each Current Participant's account in the Mercy Plan, which portion shall be allocated to each Current Participant's account in the RHP Plan, and which portion shall be allocated to each Current Participant's account in the RHS Plan.    For each Current Participant, this breakdown shall be proportional to their account balances in each of the Plans as of September 30, 2021 based on account balance data provided by the Plans' recordkeeper.

**6.5.2**    Thereafter, upon giving five (5) Business Days' written notice to Defendants (or their designee, i.e., the Plans' recordkeeper), the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plans of the aggregate amount of all settlement payments payable to Current Participants, as reflected in a

spreadsheet provided by the Settlement Administrator (allocated between their Mercy Plan, RHP Plan, and RHS Plan accounts). The Plans' recordkeeper shall thereafter credit the individual Active Account(s) of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

6.5.3    The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions. If the Current Participant does not have an investment election on file, then such Current Participant shall be deemed to have directed such payment to be invested in the Plans' "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

6.5.4    The Plans' recordkeeper shall process all Current Participant transactions within forty-five (45) calendar days of receiving direction, including the completed settlement calculations for Current Participants and the transfer from the Qualified Settlement Fund to the Plans of the aggregate amount of all settlement payments payable to Current Participants, from the Settlement Administrator for any Current Participant.

6.5.5    The Plans may be amended, to the extent necessary, to reflect the settlement allocation to Current Participants' Active Account(s) in accordance with this Article 6.

6.5.6    If, as of the date when distributions pursuant to this Settlement Agreement are made, a Current Participant no longer has an Active Account, he or she will be treated as a Former Participant for purposes of the settlement distribution only and will receive his or her payment from the Settlement Administrator in the form of a check as described in

Paragraph 6.6. A Current Participant who no longer has an Active Account on the date of his or her Settlement distribution need not complete a Former Participant Rollover Form.

**6.6     Payments to Former Participants**.  Former Participants will be required to submit a Former Participant Rollover Form in order to receive a settlement payment via rollover.  Each Former Participant who does not submit a Former Participant Rollover Form will receive his or her settlement payment via check as specified in Paragraph 6.6.3.

 **6.6.1**    Each Former Participant (or the Beneficiaries or Alternate Payees of Former Participants) will have the opportunity to elect a tax-qualified rollover of his or her pro-rata share of the Net Settlement Amount to an individual retirement account or other eligible employer plan, which he or she has identified on the Former Participant Rollover Form, provided that the Former Participant timely supplies adequate information to the Settlement Administrator to effect the rollover.

 **6.6.2**    For each Former Participant who has supplied adequate information for the Settlement Administrator to effect a rollover, upon completing the calculation of each Class Member's pro-rata share of the Net Settlement Amount and no later than sixty (60) calendar days following the Settlement Effective Date, the Settlement Administrator shall effect a rollover from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by each such Former Participant in his or her Former Participant Rollover Form (if the conditions for such rollover are satisfied) and any associated paperwork necessary to effect the rollover.  If the Settlement Administrator is unable to effectuate the rollover instructions of any Former Participant as provided in his or her Former Participant Rollover Form, he or she will receive his or her settlement payment via check as specified in Paragraph 6.6.3.

**6.6.3**    For each Former Participant who has elected to receive a check, has not submitted a Former Participant Rollover Form, or has submitted a Former Participant Rollover Form but has not provided adequate information for the Settlement Administrator to effect a rollover, upon completing the calculation of each Class Member's pro-rata share of the Net Settlement Amount and no later than sixty (60) calendar days following the Settlement Effective Date, the Settlement Administrator shall issue a check from the Qualified Settlement Fund to each such Former Participant in the amount equaling his or her pro-rata share of the Net Settlement Amount.

**6.6.4**    For each check issued other than a rollover, the Settlement Administrator shall (1) calculate and withhold any applicable taxes associated with the payments allocable to the Former Participant; (2) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state and local revenue agents; and (3) issue appropriate tax forms to the Former Participant.

**6.6.5**    Neither Defendants, Defendants' Counsel, Class Counsel, Class Representatives, nor the Released Parties shall have any responsibility for or liability whatsoever with respect to any tax advice given to Current Participants or Former Participants.

**6.7**    This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments.  If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will promptly modify the terms of this Plan of Allocation and present such modified terms first to the Independent Fiduciary for its review and approval and second to the Court for its approval.  In no event shall any modification require Defendants to make payments or incur any expenses in

excess of the Gross Settlement Amount. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

     **6.8**     Within twenty-eight (28) calendar days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defendants' Counsel, and Defendants one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice (and the Former Participant Rollover Form, if applicable) and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice (and the Former Participant Rollover Form, if applicable); (c) the name of each Class Member whose Settlement Notice and/or Former Participant Rollover Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Rollover Form for each such Class Member; (e) the name of each Class Member who submitted a Former Participant Rollover Form on or before the Rollover Form Deadline; and (f) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

     **6.9**     The Settling Parties acknowledge that any payments to Class Members may be subject to applicable tax laws. Defendants, Defendants' Counsel, Class Counsel, and the Class Representatives will provide no tax advice to the Class Members and make no representation

regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.

  **6.10** Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defendants' Counsel, Class Counsel, the Class Representatives, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defendants' Counsel, Class Counsel, the Class Representatives, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

  **6.11** All checks issued pursuant to this Plan of Allocation shall expire one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

  **6.12** No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs and taxes, shall be paid to the Plans and allocated amongst the Plans in proportion to the size of each of the Plans as of the most recently reported quarter-ending date for the purpose of defraying administrative fees and expenses of the Plans.

**6.13**    The Net Settlement Amount to be allocated and distributed to Former Participants and to the Plans for distribution to the Current Participants in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

## 7.    ARTICLE 7 – PROSPECTIVE RELIEF

**7.1**    Defendants agree that, for three (3) years following the Settlement Effective Date, Defendants shall retain one or more independent consultants pursuant to ERISA § 3(21), who is not an existing investment or service provider or affiliated with the Plans, to provide ongoing assistance in reviewing the investment options in the Plans, the fees for those investment options, and any brokerage fees incurred by the Plans.

## 8.    ARTICLE 8 – ATTORNEYS' FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND CLASS REPRESENTATIVE COMPENSATION

**8.1**    Class Counsel may file a motion for an award of Attorneys' Fees and Costs, and Administrative Expenses, at least thirty (30) calendar days before the deadline set in the Preliminary Approval Order for objections to the proposed settlement, which may be supplemented thereafter. At the same time, the Class Representatives may also seek an award of Class Representative Compensation. Any such awards shall be paid from the Gross Settlement Amount. Defendants shall have no independent responsibility or liability for any amounts awarded by the Court.

**8.2**    The appropriate amount of any such awards shall be determined by the Court in its discretion. This Settlement Agreement does not purport to establish a presumptively reasonable amount, and Defendants will take no position with the Court regarding the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, so long as the requested Attorneys' Fees do not exceed one-third of the Gross Settlement Fund ($1,300,000.00)

and the requested Class Representative Compensation does not exceed $5,000 for each Class Representative.

9. **ARTICLE 9 – RELEASE AND COVENANT NOT TO SUE**

**9.1**     As of the Settlement Effective Date, the Plans (subject to Independent Fiduciary approval as required by Paragraph 3.1) and all Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plans, and all Released Parties from the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Rollover Form, whether or not such Class Members have actually received or read the Settlement Notices, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

**9.2**     As of the Settlement Effective Date, the Class Members and the Plans (subject to Independent Fiduciary approval as required by Paragraph 3.1), acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim adverse to the Released Parties on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement.

9.3     The Class Representatives, Class Counsel, the Plans, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with respect to Defendants, the Plans, and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plans shall expressly, upon the Effective Date of the Final Approval Order, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Members and the Plans acknowledge and shall be deemed by operation of the Effective Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

9.4     Upon the Effective Date of the Final Approval Order, the Class Representatives, Class Members, and the Plans shall be conclusively deemed to, and by operation of the Effective Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives and Class Members with respect to the Released Claims shall, upon the Effective Approval Order, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle

of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## 10.    ARTICLE 10 – REPRESENTATIONS AND WARRANTIES

**10.1**    The Settling Parties represent:

**10.1.1**    That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**10.1.2**    That they assume the risk of mistake as to facts or law;

**10.1.3**    That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**10.1.4**    That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**10.1.5**    That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**10.2**    Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**11.     ARTICLE 11 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**11.1**     The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

**11.1.1**   Pursuant to Paragraph 3.1, (1) either the Independent Fiduciary does not approve the release or the Settlement Agreement, or disapproves the release or the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

**11.1.2**   This Settlement Agreement is disapproved by the Court or fails to become Effective for any reason whatsoever;

**11.1.3**   The Preliminary Approval Order and the Final Approval Order are not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties; or

**11.1.4**   The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

**11.1.5**   The Preliminary Approval Order or Final Approval Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not mutually agree to any such material modifications; or

**11.2**     If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Action and the Released Claims asserted by the Class Representatives and Class Members shall for all purposes revert to their status as though the Settling Parties never executed

the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants, their agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

**11.3** The Court's denial, in whole or in part, of Class Counsel's request for Attorneys' Fees and Costs and/or the Class Representative Compensation shall not be deemed a failure to approve the Settlement Agreement and shall not cause the Settlement Agreement to be terminated.

**11.4** In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Defendants, on the other hand.

## 12. ARTICLE 12 – SETTLEMENT WEBSITE AND OTHER COMMUNICATIONS RELATED TO THE SETTLEMENT

**12.1** On or before the date that the Settlement Notices are mailed, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the Amended Class Action Complaint, the Settlement Agreement and Exhibits thereto, Settlement Notices, Former Participants Rollover Form, Preliminary Approval Order and any other Court orders related to the Settlement, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information") in writing. When filed, the Settlement Administrator will also post or include links to the Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation (and any documents submitted in support). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing.

The Settlement Administrator will take down the Settlement Website at the conclusion of the Settlement Period.

**12.2**  On or before the date that the Settlement Notices are mailed, the Settlement Administrator also shall arrange for a toll-free telephone call center facility to be active during the period of time that the Settlement Website is active.  The toll-free telephone call facility will employ an interactive voice response system ("IVR system") to answer calls, and will provide callers the option of speaking with a live operator if necessary.

**12.3**  The Class Representatives and Class Counsel agree that they will not at any time publicly disparage or encourage or induce others to publicly disparage any of the Defendants or Released Parties as to the Action or the Settlement.

**13.**  **ARTICLE 13 – GENERAL PROVISIONS**

**13.1**  The undersigned counsel, on behalf of themselves and the Settling Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.

**13.2**  Within sixty (60) calendar days after the close of the Settlement Period, the Settling Parties shall destroy all documents, communications, or things produced in discovery under a claim of confidentiality, including but not limited to documents, communications, or things produced under a claim of privilege.

**13.3**  The Class Representatives, Class Counsel, and the Class Members agree that this Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Defendants or Released Parties of any wrongdoing, fault, or liability

39

whatsoever by any of Defendants or Released Parties, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Action or any other proceeding, and Defendants and Released Parties admit no wrongdoing or liability with respect to any of the allegations or claims in the Action. The Class Representatives, Class Counsel, and the Class Members agree that this Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, shall not constitute admissions of any liability of any kind, whether legal or factual.

13.4    Neither the Defendants, the Released Parties, the Class Representatives, Class Counsel, nor Defendants' Counsel shall have any responsibility for or liability whatsoever with respect to (1) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (2) the determination of the Independent Fiduciary; (3) the management, investment, or distribution of the Qualified Settlement Fund; (4) the Plan of Allocation as approved by the Court; (5) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (6) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (7) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defendants' Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

13.5    Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Class Representatives, Class Members or the Plan. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class

Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

**13.6** This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law.

**13.7** Class Counsel, Defendants' Counsel, and the Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

**13.7.1** If Class Counsel, Defendants' Counsel, or a Settling Party has reason to believe that a legitimate dispute exists concerning compliance with the Settlement Agreement, the party raising the dispute shall first promptly give written notice (also electronic notice by e-mail) under the Settlement Agreement to the other party, including in such notice: (1) a reference to all specific provisions of the Settlement Agreement that are involved; (2) a statement of the alleged non-compliance; (3) a statement of the remedial action sought; and (4) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

**13.7.2** Within ten (10) Business Days after receiving the notice described in Paragraph 13.7.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

**13.7.3** For a period of not more than ten (10) Business Days following mailing and electronic notice of the response described in Paragraph 13.7.2, the Settling Parties shall

undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

**13.7.4** If the dispute is not resolved during the period described in Paragraph 13.7.3, either party may request that the Court resolve the dispute;

**13.7.5** In connection with any disputes concerning compliance with the Settlement Agreement, the Settling Parties agree that each party shall bear its own fees and costs.

**13.8** The Settling Parties agree that the Court has personal jurisdiction over the Class Representatives, Class Members, and Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

**13.9** The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**13.10** Each Settling Party to this Settlement Agreement hereby acknowledges that he, she, they, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, their, or its counsel.

**13.11** Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted

successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**13.12** This Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.

**13.13** This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**13.14** The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**13.15** Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate this Settlement Agreement.

**13.16** All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 3 – Former Participant Rollover Form; Exhibit 4 –

Proposed Preliminary Approval Order; Exhibit 5 – Proposed Final Approval Order; Exhibit 6 – CAFA Notice.

**13.17** No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**13.18** Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notices, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier as follows:

IF TO THE CLASS REPRESENTATIVES:

> Kai Richter (krichter@nka.com)
> Paul Lukas (lukas@nka.com)
> NICHOLS KASTER, PLLP
> 4700 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402

IF TO DEFENDANTS:

> Jeremy Blumenfeld (jeremy.blumenfeld@morganlewis.com)
> MORGAN, LEWIS & BOCKIUS LLP
> 1701 Market Street
> Philadelphia, PA 19103

> Abbey Glenn (abbey.glenn@morganlewis.com)
> MORGAN, LEWIS & BOCKIUS LLP
> 1111 Pennsylvania Ave NW
> Washington, DC 20004

* * *

SIGNED ON BEHALF OF CLASS REPRESENTATIVES Jamie Hill, Kathryn Neild, and

Tricia Marvin, Individually and as Representatives of the Class

Dated: November 5, 2021

Kai Richter
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

*Attorney for the Class Representatives and Class*

45

SIGNED ON BEHALF OF DEFENDANTS MERCY HEALTH CORPORATION AND MERCY HEALTH SYSTEM CORPORATION

Dated: _November 4, 2021_        _____

Jeremy P. Blumenfeld
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001
jeremy.blumenfeld@morganlewis.com

*Attorney for Mercy Health Corporation and Mercy Health System Corporation*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Jamie Hill, Kathryn Neild, and Tricia Marvin, as representatives of a class of similarly situated persons, and on behalf of the Mercy Health Corporation Employees' Retirement Plan, the Rockford Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Mercy Health Corporation, Mercy Health System Corporation, and Does 1-20,<br><br>Defendants. | Case No. 20-cv-50286 |

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

**This is a notice of a proposed class action settlement in the above-referenced lawsuit. Your legal rights may be affected if you are a member of the following Settlement Class:**

> All participants and beneficiaries of the Mercy Health Corporation Employees' Retirement Plan at any time from August 3, 2014 through [the date the Court enters the Preliminary Approval Order], and all participants and beneficiaries of the Rockford Health System Retirement Plan and Rockford Health Physicians Retirement Plan at any time from January 1, 2017 through [the date the Court enters the Preliminary Approval Order], excluding members of the Mercy Health Corporation ERISA Benefit Plans Advisory Committee for the Plans at any time during the Class Period.

- The Court has given its preliminary approval to a proposed class action settlement (the "Settlement"), in a lawsuit brought by certain participants in the Mercy Health Corporation Employees' Retirement Plan, the Rockford Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan (collectively, the "Plans") against Mercy Health Corporation and Mercy Health System Corporation (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") in relation to the management of the Plans. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability

whatsoever. Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plans.

- The Settlement will provide, among other things, for payment of a Gross Settlement Amount of $3,900,000 ("Gross Settlement Amount") to resolve the claims against Defendants. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of any Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation to the Class Representatives. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

- Class Members with a positive balance in any of the Plans as of September 30, 2021 (referred to herein as "Current Participants") will automatically receive allocations directly to their Plan accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Class Members who participated in the Plans during the Class Period but who do not have an Active Account in any of the Plans as of September 30, 2021 (referred to herein as "Former Participants") will receive their settlement payment in the form of a check, or in the form of a rollover to an individual retirement account or other tax-qualified employer benefit plan if they elect a rollover.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse, located at 327 S. Church Street, Rockford, IL 61101.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither the Defendants nor any employees, attorneys, or representatives of the Defendants may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Iain D. Johnston, in Courtroom 5200 of the United States Courthouse located at 327 S. Church Street, Rockford, IL 61101, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, must be served in writing on Class Counsel and the Defendants' Counsel, as identified on page 8 of this Settlement Notice, at least 28 calendar days before the Fairness Hearing.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A CURRENT PARTICIPANT. IF SO, YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR SHARE OF THE SETTLEMENT.** | Our records indicate that you are a Current Participant. You do not need to do anything to receive your share of the Net Settlement Amount. If, however, you are a Former Participant who no longer has a Plan account with a positive balance, or are the Beneficiary or Alternate Payee of a Former Participant, then you may submit a Former Participant Rollover Form postmarked on or before [DATE] to receive a share of the Net Settlement Amount via rollover. If you are a Former Participant and you do not mail the Former Participant Rollover Form by the above deadline, you will receive your share of the Net Settlement Amount via check. If you believe you are a Former Participant, a rollover form may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | You cannot opt out of this Settlement. But, if you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, you may do so. You must submit your objection and any supporting documents to Class Counsel and the Defendants' Counsel (as identified on page 8 below) at least 28 calendar days before the Fairness Hearing. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. Please note that you will not be permitted to make an objection to the Settlement at the hearing if you do not comply with the requirements for making objections. |

### The Class Action

The above-referenced lawsuit, *Jamie Hill, et al. v. Mercy Health Corporation, et al.*, No. 3:20-cv-50286 (N.D. Ill.) (the "Action" or "lawsuit"), has been pending since August 4, 2020. The Court supervising the case is the United States District Court for the Northern District of Illinois. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives (Jamie Hill, Kathryn Neild, and Tricia Marvin) are current and former participants in the Plans. The Defendants are Mercy Health Corporation and the Mercy Health System Corporation. The claims in the lawsuit are described below on page 5, and additional information about them, including a copy of the operative Amended Complaint, is available at [www.settlementwebsite.com].

3

## The Settlement

Following mediation before an experienced, neutral mediator, and negotiations between Class Counsel and Defendants' Counsel, the parties to this lawsuit reached a Settlement. The Settlement will provide, among other things, for a combined Gross Settlement Amount of $3,900,000 to be paid to resolve the claims against the Defendants. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of any Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any compensation that the Court awards to the Class Representatives. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

In addition, the Settlement provides that for three (3) years following the Settlement Effective Date, Defendants shall retain one or more independent consultants pursuant to ERISA § 3(21), who is not an existing investment or service provider or affiliated with the Plans, to provide ongoing assistance in reviewing the investment options in the Plans, the fees for those investment options, and any brokerage fees incurred by the Plans.

## Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation Sought in the Class Action

Class Counsel has devoted substantial time and effort to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Gross Settlement Amount ($1,300,000.00). In addition, Class Counsel also will seek to recover their litigation costs and recoverable administrative expenses associated with the Settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Gross Settlement Amount. Class Counsel also will ask the Court to approve a payment, not to exceed $5,000, for each of the Class Representatives who took on the risk of litigation and committed to spend the time necessary to bring the case against the Defendants to a conclusion. Any Class Representative Compensation approved by the Court will also be paid from the Gross Settlement Amount.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse, located at 327 S. Church Street, Rockford, IL 61101.

### 1. Why Did I Receive This Settlement Notice?

The Settlement Administrator has caused this Notice to be sent to you because its records indicate that you may be a Current Participant Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement.

### 2. What Is the Class Action About?

In the Class Action, the Class Representatives claim that the Defendants failed to prudently monitor and control the Plans' brokerage expenses and failed to prudently monitor certain Plan investments affiliated with the Plans' recordkeeper (Voya). Specifically, the Class Representatives claim that the brokerage expenses charged to the Plans were unreasonable and that Defendants failed to adequately monitor the fees and performance of four Voya funds. A more complete description of what Plaintiffs allege is in the Amended Complaint, which is available on the Settlement Website at [www.settlementwebsite.com].

The Defendants have denied and continue to deny all of the claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries. Defendants believe that the Plans' investment options performed well and that the Plans' fees were reasonable and appropriate. Defendants deny all allegations of wrongdoing made in the Amended Complaint in this Action, and deny that the Class Representatives, the Plans, or any of the Plans' current or former participants suffered any losses. Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plans.

### 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and the Defendants have agreed to the Settlement. The Settlement is the product of arm's length negotiations between the Class Representatives, the Defendants, and their counsel, who were assisted in their negotiations by a neutral, experienced mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation, and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on the Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

### 4. What Does the Settlement Provide?

As part of the Settlement, a Gross Settlement Amount of $3,900,000 is being paid to resolve the claims in the Action. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any compensation that the Court awards to the Class Representatives. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plans. Former Participants who

are entitled to a distribution may receive their distribution as a check or, if they choose, as a rollover to a qualified retirement account.

In addition, the Settlement provides that for three (3) years following the Settlement Effective Date, Defendants shall retain one or more independent consultants pursuant to ERISA § 3(21), who is not an existing investment or service provider or affiliated with the Plans, to provide ongoing assistance in reviewing the investment options in the Plans, the fees for those investment options, and any brokerage fees incurred by the Plans.

In exchange for the foregoing monetary and prospective relief, all Settlement Class Members and anyone claiming through them will fully release the Defendants and other Released Parties from the Released Claims, as defined in the Settlement Agreement, which is available at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Plans, Defendants, or related parties for conduct during the Class Period arising out of or related to the allegations in the Action.

| **5.  How Much Will My Distribution Be?** |

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as described on page 2; or (2) a "Former Participant" as described on page 2; or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

There are approximately XX,000 Settlement Class Members. The Net Settlement Amount will be divided *pro rata* among Settlement Class Members (and eligible Beneficiaries and Alternate Payees) based on their Average Settlement Allocation Score in relation to other Class Members. To calculate the Average Settlement Allocation Score, the Settlement Administrator will review Class Members' account balances in the Plans for each quarter during the Class Period, and will award one point for each dollar invested in the Plans, and an additional one half point for each dollar invested in the Voya Funds, at the end of each quarter. A Settlement Class Member's Average Settlement Allocation Score shall be the average of the quarterly scores during the Class Period, weighted to account for partial quarters. A more complete description regarding the Plan of Allocation can be found in Article 6 of the Settlement Agreement, available at [www.settlementwebsite.com].

| **6.  How Can I Receive My Distribution?** |

**According to our records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Net Settlement Amount.** If this is not correct, you should contact the Settlement Administrator to obtain a Former Participant Rollover Form, if you wish to elect a rollover to an individual retirement account or other tax-qualified retirement account. The Former Participant Rollover Form will explain the steps necessary to receive your distribution via

rollover. You may also obtain the Former Participant Rollover Form on the Settlement Website at [www.settlementwebsite.com] or by calling the Settlement Administrator at [telephone number]. If you are a Former Participant but do not submit a timely, valid Former Participant Rollover Form, you will receive your distribution via check.

If you are considered a Current Participant because you had a Plan account with a balance greater than $0.00 as of September 30, 2021, but it is determined that you no longer have a Plan account balance greater than $0.00 when the Settlement proceeds are distributed to Settlement Class Members, the Settlement Administrator will mail you a check for your share of the Net Settlement Amount to your last known address. You may contact the Settlement Administrator to confirm or update your mailing address. The Settlement Administrator may be contacted by phone at [telephone number] or by mail at [mailing address].

| **7. When Will I Receive My Distribution?** |
|---|

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately six months of the Court's Final Approval Order, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

| **8. Can I Get Out of The Settlement?** |
|---|

No. The Settlement Class has been certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Action. If you wish to object to any part of the Settlement, you may write to Class Counsel and the Defendants' Counsel about why you object to the Settlement, as discussed below.

| **9. Who Represents the Settlement Class?** |
|---|

For purposes of the Settlement, the Court has appointed Nichols Kaster, PLLP, Walcheske & Luzi, LLC, and the Prinz Law Firm, P.C., as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Jamie Hill, Kathryn Neild, and Tricia Marvin (the named Plaintiffs) to serve as the Class Representatives. They are also Class Members.

| **10. How Will the Lawyers Be Paid?** |
|---|

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for attorneys' fees to not more than one-third of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and recoverable administrative

expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $5,000 each. The Court will determine the amount of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation that will be awarded, if any. Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, will be posted on the Settlement Website at www.settlementwebsite.com, will also be available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be obtained in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse, located at 327 S. Church Street, Rockford, IL 61101.

## 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing a written objection to Class Counsel and to the Defendants' Counsel (as identified below) that explains why you object.

Your written objection must: (1) clearly identify the case name and number: *Jamie Hill, et al. v. Mercy Health Corporation, et al.*, No. 3:20-cv-50286 (N.D. Ill.); (2) include your full name, current address, and telephone number; (3) describe the basis for your objection; and (4) include your signature.

Your written objection and supporting documents must be personally delivered, or sent by U.S. mail or courier, to Class Counsel and the Defendants' Counsel as set forth below **no later than [28 days prior to Fairness Hearing]** to be considered. Class Counsel and the Defendants will have an opportunity to respond to your objection.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Kai Richter<br>Paul Lukas<br>NICHOLS KASTER, PLLP<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | Jeremy Blumenfeld<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br><br>Abbey Glenn<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Ave NW<br>Washington, DC 20004 |

## 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse located at 327 S. Church Street, Rockford, IL 61101, in Courtroom 5200. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider

the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. If there are objections, the Court will consider them then. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

## 14. May I Speak at The Fairness Hearing?

Yes, but you must comply with the requirements for making an objection (described above) if you wish to object to the Settlement. If you do not comply with the requirements for making an objection, you will not be permitted to object at the Fairness Hearing.

## 15. What Happens If I Do Nothing at All?

**If you are a "Current Participant" as described on page 2, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount as a deposit to your Plan account if the Settlement is finally approved**. If you are a "Former Participant" as described on page 2, and you do nothing, and the Settlement is finally approved, you will receive your *pro rata* share of the Net Settlement Amount via check if you do not timely submit a rollover form.

## 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse, located at 327 S. Church Street, Rockford, IL 61101. Please note that none of the Defendants nor any employees, attorneys, or representatives of Defendants may advise you regarding the Settlement or how you should proceed.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Jamie Hill, Kathryn Neild, and Tricia Marvin, as representatives of a class of similarly situated persons, and on behalf of the Mercy Health Corporation Employees' Retirement Plan, the Rockford Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan,<br><br>                Plaintiffs,<br><br>v.<br><br>Mercy Health Corporation, Mercy Health System Corporation, and Does 1-20,<br><br>                Defendants. | Case No. 20-cv-50286 |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

**This is a notice of a proposed class action settlement in the above-referenced lawsuit. Your legal rights may be affected if you are a member of the following Settlement Class:**

> All participants and beneficiaries of the Mercy Health Corporation Employees' Retirement Plan at any time from August 3, 2014 through [the date the Court enters the Preliminary Approval Order], and all participants and beneficiaries of the Rockford Health System Retirement Plan and Rockford Health Physicians Retirement Plan at any time from January 1, 2017 through [the date the Court enters the Preliminary Approval Order], excluding members of the Mercy Health Corporation ERISA Benefit Plans Advisory Committee for the Plans at any time during the Class Period.

- The Court has given its preliminary approval to a proposed class action settlement (the "Settlement"), in a lawsuit brought by certain participants in the Mercy Health Corporation Employees' Retirement Plan, the Rockford Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan (collectively, the "Plans") against Mercy Health Corporation and Mercy Health System Corporation (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") in relation to the management of the Plans. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability

1

whatsoever. Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plans.

- The Settlement will provide, among other things, for payment of a Gross Settlement Amount of $3,900,000 ("Gross Settlement Amount") to resolve the claims against Defendants. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of any Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation to the Class Representatives. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

- Class Members with a positive balance in any of the Plans as of September 30, 2021 (referred to herein as "Current Participants") will automatically receive allocations directly to their Plan accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Class Members who participated in the Plans during the Class Period but who do not have an Active Account in any of the Plans as of September 30, 2021 (referred to herein as "Former Participants") will receive their settlement payment in the form of a check, or in the form of a rollover to an individual retirement account or other tax-qualified employer benefit plan if they elect a rollover. **A Former Participant Rollover Form allowing you to elect to receive your distribution in the form of a rollover is attached to this Notice.**

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse, located at 327 S. Church Street, Rockford, IL 61101.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither the Defendants nor any employees, attorneys, or representatives of the Defendants may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Iain D. Johnston, in Courtroom 5200 of the United States Courthouse located at 327 S. Church Street, Rockford, IL 61101, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, must be served in writing on Class Counsel and the Defendants' Counsel, as identified on page 8 of this Settlement Notice, at least 28 calendar days before the Fairness Hearing.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A FORMER PARTICIPANT. IF SO, YOU WILL RECEIVE YOUR SHARE OF THE SETTLEMENT BY CHECK UNLESS YOU TIMELY SUBMIT A ROLLOVER FORM.** | Our records indicate that you are a Former Participant. You do not need to do anything to receive your share of the Net Settlement Amount by check. However, if you wish to receive your share of the Net Settlement Amount via rollover to an individual retirement account or another tax-qualified plan, then you must submit a Former Participant Rollover Form postmarked on or before [DATE]. A Former Participant Rollover Form is attached to this Notice, and may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | You cannot opt out of this Settlement. But, if you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, you may do so. You must submit your objection and any supporting documents to Class Counsel and the Defendants' Counsel (as identified on page 8 below) at least 28 calendar days before the Fairness Hearing. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. Please note that you will not be permitted to make an objection to the Settlement at the hearing if you do not comply with the requirements for making objections. |

## The Class Action

The above-referenced lawsuit, *Jamie Hill, et al. v. Mercy Health Corporation, et al.*, No. 3:20-cv-50286 (N.D. Ill.) (the "Action" or "lawsuit"), has been pending since August 4, 2020. The Court supervising the case is the United States District Court for the Northern District of Illinois. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives (Jamie Hill, Kathryn Neild, and Tricia Marvin) are current and former participants in the Plans. The Defendants are Mercy Health Corporation and the Mercy Health System Corporation. The claims in the lawsuit are described below on page 5, and additional information about them, including a copy of the operative Amended Complaint, is available at [www.settlementwebsite.com].

## The Settlement

Following mediation before an experienced, neutral mediator, and negotiations between Class Counsel and Defendants' Counsel, the parties to this lawsuit reached a Settlement. The Settlement will provide, among other things, for a combined Gross Settlement Amount of $3,900,000 to be paid to resolve the claims against the Defendants. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of any Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any compensation that the Court awards to the Class Representatives. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

In addition, the Settlement provides that for three (3) years following the Settlement Effective Date, Defendants shall retain one or more independent consultants pursuant to ERISA § 3(21), who is not an existing investment or service provider or affiliated with the Plans, to provide ongoing assistance in reviewing the investment options in the Plans, the fees for those investment options, and any brokerage fees incurred by the Plans.

## Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation Sought in the Class Action

Class Counsel has devoted substantial time and effort to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Gross Settlement Amount ($1,300,000.00). In addition, Class Counsel also will seek to recover their litigation costs and recoverable administrative expenses associated with the Settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Gross Settlement Amount. Class Counsel also will ask the Court to approve a payment, not to exceed $5,000, for each of the Class Representatives who took on the risk of litigation and committed to spend the time necessary to bring the case against the Defendants to a conclusion. Any Class Representative Compensation approved by the Court will also be paid from the Gross Settlement Amount.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse, located at 327 S. Church Street, Rockford, IL 61101.

**1. Why Did I Receive This Settlement Notice?**

The Settlement Administrator has caused this Notice to be sent to you because its records indicate that you may be a Former Participant Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement.

**2. What Is the Class Action About?**

In the Class Action, the Class Representatives claim that the Defendants failed to prudently monitor and control the Plans' brokerage expenses and failed to prudently monitor certain Plan investments affiliated with the Plans' recordkeeper (Voya). Specifically, the Class Representatives claim that the brokerage expenses charged to the Plans were unreasonable and that Defendants failed to adequately monitor the fees and performance of four Voya funds. A more complete description of what Plaintiffs allege is in the Amended Complaint, which is available on the Settlement Website at [www.settlementwebsite.com].

The Defendants have denied and continue to deny all of the claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries. Defendants believe that the Plans' investment options performed well and that the Plans' fees were reasonable and appropriate. Defendants, deny all allegations of wrongdoing made in the Amended Complaint in this Action, and deny that the Class Representatives, the Plans, or any of the Plans' current or former participants suffered any losses. Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plans.

**3. Why Is There A Settlement?**

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and the Defendants have agreed to the Settlement. The Settlement is the product of arm's length negotiations between the Class Representatives, the Defendants, and their counsel, who were assisted in their negotiations by a neutral, experienced mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation, and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on the Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

**4. What Does the Settlement Provide?**

As part of the Settlement, a Gross Settlement Amount of $3,900,000 is being paid to resolve the claims in the Action. Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount remaining after payment of Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any compensation that the Court awards to the Class Representatives. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plans. Former Participants who

5

are entitled to a distribution may receive their distribution as a check or, if they choose, as a rollover to a qualified retirement account.

In addition, the Settlement provides that for three (3) years following the Settlement Effective Date, Defendants shall retain one or more independent consultants pursuant to ERISA § 3(21), who is not an existing investment or service provider or affiliated with the Plans, to provide ongoing assistance in reviewing the investment options in the Plans, the fees for those investment options, and any brokerage fees incurred by the Plans.

In exchange for the foregoing monetary and prospective relief, all Settlement Class Members and anyone claiming through them will fully release the Defendants and other Released Parties from the Released Claims, as defined in the Settlement Agreement, which is available at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Plans, Defendants, or related parties for conduct during the Class Period arising out of or related to the allegations in the Action.

## 5.  How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as described on page 2; or (2) a "Former Participant" as described on page 2; or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

There are approximately XX,000 Settlement Class Members. The Net Settlement Amount will be divided *pro rata* among Settlement Class Members (and eligible Beneficiaries and Alternate Payees) based on their Average Settlement Allocation Score in relation to other Class Members. To calculate the Average Settlement Allocation Score, the Settlement Administrator will review Class Members' account balances in the Plans for each quarter during the Class Period, and will award one point for each dollar invested in the Plans, and an additional one half point for each dollar invested in the Voya Funds, at the end of each quarter. A Settlement Class Member's Average Settlement Allocation Score shall be the average of the quarterly scores during the Class Period, weighted to account for partial quarters. A more complete description regarding the Plan of Allocation can be found in Article 6 of the Settlement Agreement, available at [www.settlementwebsite.com].

## 6.  How Can I Receive My Distribution?

According to our records, you are a Former Participant. **If you wish to receive your share of the Net Settlement Amount via rollover to an individual retirement account or other tax-qualified plan, then you must submit a Former Participant Rollover Form postmarked on or before [DATE].** A Former Participant Rollover Form is attached to this Notice and explains the steps necessary to receive your distribution via rollover. You may also obtain the Former

Participant Rollover Form on the Settlement Website at [www.settlementwebsite.com] or by calling the Settlement Administrator at [telephone number]. If you are a Former Participant but do not submit a timely, valid Former Participant Rollover Form, you will receive your distribution via check.

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately six months of the Court's Final Approval Order, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

## 8. Can I Get Out of The Settlement?

No. The Settlement Class has been certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Action. If you wish to object to any part of the Settlement, you may write to Class Counsel and the Defendants' Counsel about why you object to the Settlement, as discussed below.

## 9. Who Represents the Settlement Class?

For purposes of the Settlement, the Court has appointed Nichols Kaster, PLLP, Walcheske & Luzi, LLC, and the Prinz Law Firm, P.C., as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Jamie Hill, Kathryn Neild, and Tricia Marvin (the named Plaintiffs) to serve as the Class Representatives. They are also Class Members.

## 10. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for attorneys' fees to not more than one-third of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and recoverable administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $5,000 each. The Court will determine the amount of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation that will be awarded, if any. Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, will be posted on the Settlement Website at www.settlementwebsite.com, will also be available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be obtained in person during regular business hours at the Office of the Clerk of the United States District Court for the

Northern District of Illinois, Stanley J. Roszkowski United States Courthouse, located at 327 S. Church Street, Rockford, IL 61101.

### 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing a written objection to Class Counsel and to the Defendants' Counsel (as identified below) that explains why you object.

Your written objection must: (1) clearly identify the case name and number: *Jamie Hill, et al. v. Mercy Health Corporation, et al.*, No. 3:20-cv-50286 (N.D. Ill.); (2) include your full name, current address, and telephone number; (3) describe the basis for your objection; and (4) include your signature.

Your written objection and supporting documents must be personally delivered, or sent by U.S. mail or courier, to Class Counsel and the Defendants' Counsel as set forth below **no later than [28 days prior to Fairness Hearing]** to be considered. Class Counsel and the Defendants will have an opportunity to respond to your objection.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Kai Richter<br>Paul Lukas<br>NICHOLS KASTER, PLLP<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | Jeremy Blumenfeld<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br><br>Abbey Glenn<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Ave NW<br>Washington, DC 20004 |

### 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse located at 327 S. Church Street, Rockford, IL 61101, in Courtroom 5200. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. If there are objections, the Court will consider them then. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

**13. Do I Have to Attend the Fairness Hearing?**

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

**14. May I Speak at The Fairness Hearing?**

Yes, but you must comply with the requirements for making an objection (described above) if you wish to object to the Settlement. If you do not comply with the requirements for making an objection, you will not be permitted to object at the Fairness Hearing.

**15. What Happens If I Do Nothing at All?**

**If you are a "Former Participant" as described on page 2, and you do nothing, and the Settlement is finally approved, you will receive your *pro rata* share of the Net Settlement Amount via check if you do not timely submit a rollover form.** If you are a "Current Participant" as described on page 2, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount as a deposit to your Plan account if the Settlement is finally approved.

**16. How Do I Get More Information?**

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Stanley J. Roszkowski United States Courthouse, located at 327 S. Church Street, Rockford, IL 61101. Please note that none of the Defendants nor any employees, attorneys, or representatives of Defendants may advise you regarding the Settlement or how you should proceed.

# EXHIBIT 3

**Mercy Plans' Settlement Administrator**
**[ADDRESS]**
**[www.settlementwebsite.com]**

## FORMER PARTICIPANT ROLLOVER FORM

JOHN Q CLASSMEMBER                                    Claim Number: 1111111
123 MAIN ST APT 1
ANYTOWN, ST 12345

This Former Participant Rollover Form is **ONLY** for Class Members who are **Former Participants**, or the Beneficiaries or Alternate Payees of Former Participants, of the Mercy Health Corporation Employees' Retirement Plan, the Rockford Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan (collectively, the "Plans"). A Former Participant is a Class Member who participated in the Plan(s) during the Class Period, but who no longer had an Active Account in any of the Plans as of September 30, 2021.

**Former Participants who would like to elect to receive their settlement payment through a rollover to a qualified retirement account must complete, sign, and mail this form with a postmark on or before [APPLICABLE RETURN DATE]**. Please review the instructions below carefully. **Former Participants who do not complete and timely return this form will receive their settlement payment by check, subject to applicable tax withholding.** If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

**Mercy Plans' Settlement Administrator**
**P.O. Box [number] [City, State, ZIP]**
**[PHONE NUMBER]**
www.settlementwebsite.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT ROLLOVER FORM**

1. If you would like to receive your settlement payment through a rollover to a qualified retirement account, complete this rollover form. You should also keep a copy of all pages of your Former Participant Rollover Form, including the first page with the address label, for your records.

2. **Mail your completed Former Participant Rollover Form postmarked on or before [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] to the Settlement Administrator at the following address:**

    **Mercy Plans' Settlement Administrator**
    **P.O. Box [number] [City, State, ZIP]**

    It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Rollover Form.

3. Other Reminders:

    • You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

1

- If you desire to do a rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.

- If you change your address after sending in your Former Participant Rollover Form, please provide your new address to the Settlement Administrator.

- **Timing of Payments to Eligible Settlement Class Members.** The timing of the distribution of the Settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

4. **Questions?** If you have any questions about this Former Participant Rollover Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, [www.settlementwebsite.com].

## PART 2: PARTICIPANT INFORMATION

First Name                Middle  Last Name

Mailing Address

City                               State   Zip Code

Home Phone                       Work Phone or Cell Phone

Participant's Social Security Number       Participant's Date of Birth

                                 M  M       D  D     Y  Y  Y  Y

Email Address

**[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

3

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant Class Member and the Former Participant Class Member is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name       Middle   Last Name

Mailing Address

City       State   Zip Code

Home Phone       Work Phone or Cell Phone

Participant's Social Security Number       Participant's Date of Birth

Email Address       M M    D D    Y Y Y Y

**[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)       ☐ 401(a)/401(k)       ☐ 403(b)

☐ Direct Rollover to a Traditional IRA       ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City       State       Zip Code

Your Account Number       Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT ROLLOVER FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

M M   D D   Y Y Y Y

**Former Participant Signature**       **Date Signed** *(Required)*

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

5

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMIE HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-50286 |
| | ) | |
| v. | ) | Hon. Iain D. Johnston |
| | ) | |
| MERCY HEALTH CORPORATION, et al., | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of

the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Mercy

Health Corporation and Mercy Health System Corporation ("Defendants") in connection with

the management of the Mercy Health Corporation Employees' Retirement Plan, the Rockford

Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan.

Presented to the Court for preliminary approval is a settlement of the litigation as against

all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement

dated XXXX, 2021, executed by Class Counsel and Defendants' Counsel. Except as otherwise

defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them

in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with

the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1.    **Preliminary Findings Regarding Proposed Settlement:** The Court

preliminarily finds that:

A.     The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B.     The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

C.     Class Counsel and the Class Representatives have submitted declarations in support of the Settlement; and

D.     Considering the relevant Seventh Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

**2.     Fairness Hearing:**  A hearing will be held on [a date no sooner than one hundred thirty (130) calendar days after the date of the Preliminary Approval Order] _____, 2022, at _____ _____.m., in Courtroom XXX of the United States District Court for the Northern District of Illinois, before the undersigned United States Judge, to determine, among other issues:

A.     Whether the Court should approve the Settlement as fair, reasonable, and adequate;

B.     Whether the Court should enter the Final Approval Order, and

C.     Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

**3.     Settlement Administrator:** The Court approves and orders that [____] shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

2

    A.     The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

    B.     The Settlement Administrator shall use the data provided by Defendants and the Plans' recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

    C.     The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4.**     **Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the Mercy Health Corporation Employees' Retirement Plan at any time from August 3, 2014 through [the date the Court enters the Preliminary Approval Order], and all participants and beneficiaries of the Rockford Health System Retirement Plan and Rockford Health Physicians Retirement Plan at any time from January 1, 2017 through [the date the Court enters the Preliminary Approval Order], excluding members of the Mercy Health Corporation ERISA Benefit Plans Advisory Committee for the Plans at any time during the Class Period.

The Court appoints Jamie Hill, Kathryn Neild, and Tricia Marvin as representatives for the Settlement Class. Further, the Court appoints Nichols Kaster, PLLP and Walcheske & Luzi, LLC as counsel for the Settlement Class.

**5.**     **Class Notice**: The Settling Parties have presented to the Court the Settlement Notices, which are the proposed forms of notice regarding the Settlement for mailing to Class Members, and the proposed Former Participant Rollover Form to Former Participants.

A.      The Court approves the text of the Settlement Notices and Former

Participant Rollover Form and finds that the proposed forms and content therein fairly and

adequately:

  i.      Summarize the claims asserted;

  ii.     Describe the terms and effect of the Settlement;

  iii.    Explain how Former Participants can submit a Former Participant

          Rollover Form

  iv.     Notify the Settlement Class that Class Counsel will seek

          compensation from the Qualified Settlement Fund for Attorneys'

          Fees and Costs, Administrative Expenses, and Class

          Representative Compensation;

  v.      Give notice to the Settlement Class of the time and place of the

          Fairness Hearing, and Class Members' right to appear; and

  vi.     Describe how the recipients of the Class Notice may object to the

          Settlement, or any requested Attorneys' Fees and Costs,

          Administrative Expenses, or Class Representative Compensation.

B.      Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure,

the contents of the Settlement Notices and mailing the Settlement Notices constitutes the best

notice practicable under the circumstances, provides due and sufficient notice of the Fairness

Hearing and of the rights of all Class Members, and complies fully with the requirements of

Federal Rule of Civil Procedure 23 and due process.

C.      The Settlement Administrator shall send by first class mail the appropriate

Settlement Notice to each Class Member and the Former Participant Rollover Form to each

Former Participant within forty-five (45) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by the Plans' recordkeeper. The Settlement Notices shall be mailed by first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plans' recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper (or its designee). The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

D.     Former Participants must file a Former Participant Rollover Form with the Settlement Administrator by [a date no later than ten (10) calendar days before the Fairness Hearing] in order to receive a settlement payment via rollover pursuant to the Plan of Allocation. Former Participants who do not submit a Former Participant Rollover Form will receive their settlement payment via check pursuant to the Plan of Allocation.

E.     On or before the date that Settlement Notices are sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Settlement Notices on the Settlement Website.

6.     **Preliminary Injunction:** Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true

5

with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plans.

7.     **Objections to Settlement**:     Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

8.     **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

9.     **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website.

10.     **CAFA Notices**: The Court approves the form of the CAFA notices attached as Exhibit 6 to the Settlement Agreement and orders that upon the mailing of the CAFA notices, Defendants shall have fulfilled their obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1711, *et seq*.

**IT IS SO ORDERED.**

Dated: _____          _____

                                           Hon. Iain D. Johnston
                                           United States District Judge

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMIE HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-50286 |
| | ) | |
| v. | ) | Hon. Iain D. Johnston |
| | ) | |
| MERCY HEALTH CORPORATION, et al., | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Wherefore, this __ day of _____, 20___, upon consideration of Plaintiffs' Motion for

Final Approval of the Class Action Settlement Agreement dated ____, 2021 in the above matter,

the Court hereby orders and adjudges as follows:

1.      For purposes of this Final Approval Order and Judgment, except as otherwise

defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to

them in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action and personal

jurisdiction over all parties to the action, including all members of the Settlement Class.

3.      The following Settlement Class is certified under Rule 23(b)(1) of the Federal

Rules of Civil Procedure for purposes of the Settlement only:

> All participants and beneficiaries of the Mercy Health Corporation Employees'
> Retirement Plan at any time from August 3, 2014 through [the date the Court
> enters the Preliminary Approval Order], and all participants and beneficiaries of
> the Rockford Health System Retirement Plan and Rockford Health Physicians
> Retirement Plan at any time from January 1, 2017 through [the date the Court
> enters the Preliminary Approval Order], excluding members of the Mercy Health
> Corporation ERISA Benefit Plans Advisory Committee for the Plans at any time
> during the Class Period.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4.      Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plans and the Class Members.

5.      The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6.      In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, [_____], the Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort.  The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members.  In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7.      The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

8.      The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.      The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B.      The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

C.      The Settling Parties were well positioned to evaluate the value of the Class Action;

D.      If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

E.      The amount of the Settlement ($3,900,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F.      The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

G.      Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

H.      There were _____ objections to the settlement. The Court has considered those objections, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate.  Accordingly, the Court overrules them with prejudice.

I.      The Settlement was reviewed by an independent fiduciary, _____, who has approved the Settlement.

9.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plans and the Settlement Class.

10.     This Action and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

11.     The Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plans, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members actually received the Settlement Notices, whether or not such Class Members have executed and delivered a Former Participant Rollover Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12.     The Plans and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys,

predecessors, successors, and assigns) on behalf of the Plans shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plans or any Class Member on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

13.     The Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plans from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or the Settlement Agreement.

15.     The Court finds that all applicable CAFA requirements have been satisfied.

16.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each eligible Current Participant and Former Participant pursuant to the Plan of Allocation approved by the Court.

17.     With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18.     Within twenty-eight (28) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a Settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19.     Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plans shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: _____          _____
                                            Hon. Iain D. Johnston
                                            United States District Judge

# EXHIBIT 6

[Settlement Administrator Letterhead]

November_____, 2021

«Name1»
«Name2»
«Address1»
«Address2»
«Address3»
«City», «St» «Zip»

Re:    *Hill, et al. v. Mercy Health Corporation, et al.*
       Case No. 3:20-cv-50286 (N.D. Ill.)
       <u>Notice Pursuant to 28 U.S.C. § 1715</u>

Dear Sir or Madam:

[_____], settlement administrator, on behalf of Defendants Mercy Health Corporation and Mercy Health System Corporation ("Defendants") in the above-captioned action (the "*Hill* Action"), hereby provides your office with this notice under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711 *et seq.* Pursuant to 28 U.S.C. § 1715, this notice is to inform you of a proposed class action settlement of the *Hill* Action, a lawsuit currently pending in the United States District Court for the Northern District of Illinois, in which Plaintiffs alleged that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., in connection to the management of the Mercy Health Corporation Employees' Retirement Plan, the Rockford Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan (the "Plans").

Plaintiffs filed a motion with the United States District Court for the Northern District of Illinois on November 5, 2021, requesting preliminary approval of the proposed settlement. The court has not granted preliminary approval of the proposed settlement yet, nor has it scheduled a hearing for preliminary approval or final approval of the settlement.

In accordance with 28 U.S.C. § 1715(b), Defendants state as follows:

**(1)**      **The operative Amended Complaint and any materials filed with the Complaint.**

The operative amended complaint in the *Hill* Action, as well as all attachments thereto, is contained on the enclosed CD in the folder labeled <u>Tab 1</u>. In addition, the amended complaint and all other pleadings and records filed in the *Hill* Action are available on the internet through the federal government's PACER service at https://ecf.ilnd.uscourts.gov/cgi-bin/DktRpt.pl?209941579666424-L_1_0-1. Additional information about the PACER service may be found at https://www.pacer.gov.

**(2)**      **Notice of any scheduled judicial hearing in the class action.**

As of the time and date of the transmittal of this notice, no judicial hearings are presently scheduled. Plaintiffs in the *Hill* Action filed an unopposed motion for preliminary approval of the proposed class action settlement on November 5, 2021. The court has not yet acted on the motion or set a hearing date. If any hearings are scheduled, information



[INSERT]
_____, 2021
Page 2

concerning the date, time, and location of those hearings will be available through PACER and can be accessed as described in section (1) above.

**(3)     Any proposed or final notification to class members.**

The proposed forms of direct notice to class members, which provide notice of the proposed settlement and each class member's right to object to the class action, are included on the enclosed CD in the folder labeled <u>Tab 2</u>.  The court has not yet approved the proposed forms of notice.  Because the proposed settlement class would likely be certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure, the notices explain that there is no right to request exclusion from the settlement.

**(4)     Any proposed or final class action settlement.**

The parties' proposed class action settlement agreement dated as of [DATE] ("Settlement Agreement"), is included on the enclosed CD in the folder labeled <u>Tab 3</u>.  The court has not yet granted preliminary or final approval of the settlement.

**(5)     Any settlement or other agreement contemporaneously made between class counsel and counsel for Defendants.**

There are no additional agreements between class counsel and counsel for Defendants, other than those reflected in the Settlement Agreement.

**(6)     A final judgment or notice of dismissal.**

No final judgment or notice of dismissal has yet been entered in the *Hill* Action.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed as described in section (1) above.

**(7)     Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

A list of the names of class members who reside in each state, based on the last mailing address known to Defendants, is included in <u>Tab 4</u> of the enclosed CD.  The specific settlement allocation to each class member will be determined by the Settlement Administrator according to a court-approved formula.  As a result, we do not yet know how much each class member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the class members who reside in each state to the entire settlement.  Upon final approval of the court, the settlement proceeds will be distributed among the class members according to the Plan of Allocation set forth in the Settlement Agreement.

**(8)     Any written judicial opinion relating to the materials described in sections (3) through (6).**

No written judicial opinions have been issued relating to the proposed settlement as of this time.

[INSERT]
_____, 2021
Page 3

Inasmuch as certain documents on the enclosed CD contain confidential information, it has been encrypted and password-protected.  Decryption instructions and the password will be sent under separate cover.

Thank you for your attention to this matter.

Sincerely,

.

[Name]
[Title]

Enclosures