**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMIE HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-50286 |
| | ) | |
| v. | ) | Hon. Iain D. Johnston |
| | ) | |
| MERCY HEALTH CORPORATION, et al., | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Defendants. | ) | |

**JOINT POSITION PAPER RESPONDING TO**
**COURT'S NOVEMBER 9, 2021 ORDER (DKT. 67)**

Plaintiffs Jamie Hill, Kathryn Neild, and Tricia Marvin ("Plaintiffs") and Defendants Mercy Health Corporation and Mercy Health System Corporation ("Defendants") (together, the "Parties"), by and through their undersigned counsel, hereby respond to the Court's November 9, 2021 minute order requesting a position paper regarding the injunctive relief requested in the proposed order regarding Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 66-2, PageID 638-644, the "Proposed Preliminary Approval Order").[1]

The Proposed Preliminary Approval Order contains an injunction enjoining Class Members from asserting through other litigation the Released Claims against the Defendants and Released Parties pending the Court's final approval of the Settlement (the "Requested Relief").[2] Through this Order, the Parties seek to effectuate a class-wide settlement and ensure the proceedings are managed in the most efficient manner. The Requested Relief will obviate a

---

[1] Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the Settlement Agreement (Dkt. 66-2).

[2] Indeed, the Court will grant preliminary approval of the Settlement only if it determines that it "will likely be able" to grant final approval. *In re TikTok, Inc., Consumer Priv. Litig.*, No. 20 C 4699, 2021 WL 4478403, at *5 (N.D. Ill. Sept. 30, 2021).

1

potentially significant problem. It will prevent other litigation involving the same claims asserted against the same parties being filed by Class Members in the interim period between preliminary and final approval, claims that the Parties have already expended considerable effort resolving. If the Court preliminarily approves the Settlement, final approval will be determined within a matter of months.

Such injunctive relief is appropriate in the class-action context. The Seventh Circuit has recognized that an anti-suit injunction is appropriate to "protect pending or finalized class settlements." *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 767 (7th Cir. 2017). Authority to enjoin class members from initiating claims pending final settlement approval is found in the All Writs Act. *See In re Synthroid Mktg. Litig.*, 197 F.R.D. 607, 610 (N.D. Ill. 2000) ("[a]n injunction, where necessary to protect the court's earlier orders, including preliminary approval of the settlement of this class action, is authorized under the All Writs Act, 28 U.S.C. § 1651(a)" and extends "to non-parties"). The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As a result, district courts may issue injunctions "when a settlement has been at least preliminarily approved." *Kaufman v. Am. Exp. Travel Related Servs. Co.*, 264 F.R.D. 438, 450 (N.D. Ill. 2009).[3]

---

[3] Courts across the country have acknowledged that anti-suit injunctions are appropriate in the class action settlement context. *E.g.*, *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 848 (6th Cir. 2009) ("The fact that this federal case involves a complex class settlement also provides an additional reason why the district court's injunction against the state-court litigation is proper."); *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 782 (7th Cir. 2004) ("[I]njunctions against other litigation are occasionally issued to terminate parallel litigation more quickly and securely than would be the case if the defendant had to interpose a res judicata defense in separate suits."); *Liles v. Del Campo*, 350 F.3d 742, 746 (8th Cir. 2003) ("Injunctions of related proceedings in other federal courts are appropriate when necessary for adjudication or settlement of a case."); *see also* 7B Wright, Miller & Kane, FED. PRAC. & PROC. § 1798.1, 236 (2005) ("if that action proceeds to the settlement stage, then an injunction to protect the court's power to effectuate a settlement may be upheld").

Importantly, the Requested Relief does not ask the Court to enjoin an existing proceeding, but rather seeks to preclude Class Members from initiating a new action involving the claims covered by the Settlement.[4] Otherwise, any Class Member could bring a separate action in this or another court asserting the same or similar claims now or at any time until the Court finally approves the Settlement. Not only would this impose additional costs and burden on the Parties, but it would deprive them of the resolution of the dispute pending the Court's final approval, which the Parties worked hard to achieve through arms' length negotiation that led to the Settlement. It would also significantly impact the value of the Settlement for Defendants, who are seeking resolution of the dispute and protection against re-litigation of the same claims.

For these reasons, this type of injunctive relief is routinely granted by federal courts, including this District, during the pendency of the court's final review of a settlement in an ERISA class action. Recent examples include: *Brown-Davis v. Walgreen Co.*, No. 1:19-cv-05392, ECF No. 101, at *7 (N.D. Ill. Nov. 1, 2021); *Kinder v. Koch Indus., Inc.*, No. 1:20-cv-02973, ECF No. 69, at *7 (N.D. Ga. July 30, 2021); *Reetz v. Lowe's Co.*, No. 5:18-CV-00075 ECF No. 234, at *5–6 (W.D.N.C. June 9, 2021); *Baker v. John Hancock Life Ins. Co. (U.S.A.)*, No. 1:20-cv-10397, ECF No. 67, at *6 (D. Mass. June 2, 2021); *Bland v. Edward Jones & Co., L.P.*, No. 1:18-cv-03673, ECF No. 124, at *7 (N.D. Ill. May 4, 2021); *Kirk v. Ret. Comm. of CHS/Community Health Sys., Inc.*, No. 3:19-cv-00689, ECF No. 101, at *5 (M.D. Tenn. Dec. 8, 2020); *Toomey v. Demoulas Super Markets, Inc.*, No. 1:19-cv-11633, ECF No. 85, at *5 (D.

---

[4] It is therefore distinguishable from *Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 486 (7th Cir. 2015), where the Seventh Circuit reversed a district court's order enjoining proposed settlement class members from continuing litigation in an ongoing parallel state court proceeding. Here, no parallel proceedings (state or federal) have been commenced and the Requested Relief does not enjoin any court (state or federal) from adjudicating claims currently before it.

Mass Nov. 24, 2020); *Karpik v. Huntington Bancshares Inc.*, No. 2:17-cv-1153, ECF No. 71, at *9 (S.D. Ohio Oct. 14, 2020); *Intravaia v. Nat'l Rural Elec. Coop. Assoc.*, No. 1:19-cv-00973, ECF No. 97, at *4 (E.D. Va. Aug. 6, 2020); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, ECF No. 250, at *6 (D. Mass. July 9, 2020); *Beach v. JPMorgan Chase Bank, N.A.*, No. 1:17-cv-00563, ECF No. 213, at *8 (S.D.N.Y. May 26, 2020); *In re M&T Bank Corp. ERISA Litig.*, No. 1:16-cv-00375, ECF No. 168, at *6 (W.D.N.Y. Apr. 14, 2020); *Bell. v. ATH Holding Co., LLC*, No. 1:15-cv-02062, ECF No. 370, at *13 (S.D. Ind. Apr. 8, 2019).

Thus, the Parties respectfully request that the Court enter the Proposed Preliminary Approval Order.

...
...

| | |
|---|---|
| Dated: November 22, 2021 | Respectfully submitted, |
| *s/ Kai Richter (with permission)* | *s/ Abbey M. Glenn* |
| Paul J. Lukas, MN Bar No. 22084X* | Deborah S. Davidson |
| * admitted in N.D. Ill. | Thomas H. Severson |
| Kai Richter, MN Bar No. 0296545** | MORGAN, LEWIS & BOCKIUS LLP |
| Brock J. Specht, MN Bar No. 0388343** | 110 N. Wacker Dr., 29th Floor |
| Patricia C. Dana, MN Bar No. 0400803** | Chicago, IL 60606 |
| ** admitted pro hac vice | Tel: (312) 324-1000 |
| 4700 IDS Center | Fax: (312) 324-1001 |
| 80 S 8th Street | deborah.davidson@morganlewis.com |
| Minneapolis, MN 55402 | thomas.severson@morganlewis.com |
| Telephone: (612) 256-3200 | |
| Facsimile: (612) 338-4878 | Jeremy P. Blumenfeld |
| lukas@nka.com | MORGAN, LEWIS & BOCKIUS LLP |
| krichter@nka.com | 1701 Market Street |
| bspecht@nka.com | Philadelphia, PA 19103 |
| pdana@nka.com | Tel: (215) 963-5000 |
| | Fax: (215) 963-5001 |
| THE PRINZ LAW FIRM, P.C. | jeremy.blumenfeld@morganlewis.com |
| Kristen Prinz, IL Bar No. 6291900 | |
| 1 East Upper Wacker Drive | Abbey M. Glenn (*pro hac vice*) |
| Suite 2500 | MORGAN, LEWIS & BOCKIUS LLP |
| Chicago, IL 60601 | 1111 Pennsylvania Ave NW |
| Telephone: (312) 212-4450 | Washington, DC 20004 |
| Facsimile: (312) 284-4822 | Tel: (202) 739-3000 |
| kprinz@prinz-lawfirm.com | Fax: (202) 730-30001 |
| | abbey.glenn@morganlewis.com |
| WALCHESKE & LUZI, LLC | |
| James A. Walcheske, WI Bar No. 1065635* | *Attorneys for Defendants* |
| * admitted in N.D. Ill. | |
| Paul M. Secunda, WI Bar No. 1074127** | |
| ** admitted pro hac vice | |
| 15850 W. Bluemound Rd., Suite 304 | |
| Brookfield, WI 53005 | |
| Telephone: (262) 780-1953 | |
| Facsimile: (262) 565-6469 | |
| jwalcheske@walcheskeluzi.com | |
| psecunda@walcheskeluzi.com | |
| | |
| *Attorneys for Plaintiffs* | |

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 22, 2021, a copy of the foregoing document filed was electronically through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Thomas H. Severson*
Thomas H. Severson
