UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JAMIE HILL, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | No. 20 CV 50286 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| MERCY HEALTH SYSTEM CORP., | ) | |
|     Defendants. | ) | |

**ORDER**

Before the Court is the plaintiffs' motion for preliminary approval of a class action settlement [65]. It asks the Court to preliminarily approve the parties' proposed settlement of this case, preliminarily certify the settlement class, approve notice of the settlement to the class, and schedule a fairness hearing. But the proposed preliminary approval order also asks the Court to enter a preliminary injunction that would bar class members and their agents, heirs, etc., from asserting any of the claims that are the subject of the settlement agreement against the defendants in any other litigation. The Court questioned its authority to enter such an injunction, which the parties addressed in a joint position paper. Dkt. 68.

The parties identified the source of this Court's authority to enjoin class members from filing other suits as the being the All Writs Act, which permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In support, they quote *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 767 (7th Cir. 2017) for the proposition that an anti-suit injunction is appropriate to "protect pending or finalized class settlements." But *In re Jimmy John's* did not involve a settlement agreement, and regardless, it reversed a district court order that entered an anti-suit injunction that had been aimed at preventing managers from suing franchisee employers until after the claims against Jimmy John's itself were resolved. The Seventh Circuit held that an anti-suit injunction under the All Writs Act is an "extraordinary" form of relief, and that the "in aid of . . . jurisdiction" language is interpreted narrowly. For that latter proposition, *In re Jimmy John's* relied on *Adkins v. Nestle Purina Co.*, 779 F.3d 481, 483-84 (7th Cir. 2015). Although *Adkins* involved the Anti-Injunction Statute, both it and the All Writs Act use the phrase "in aid of . . . jurisdiction" and cases interpreting one statute are persuasive when interpreting the other. *See In re Jimmy John's*, 877 F.3d at 763. In *Adkins*, the Seventh Circuit explained that thwarting other suits that could imperil a settlement is not "in aid of jurisdiction," and that the issue of jurisdiction is limited to whether a court has been designated by statute as an appropriate forum for a dispute. *See Adkins*, 779 F.3d at 483-84.

Both *In re Jimmy John's* and *Adkins* also note that even when a statute like the All Writs Act or Anti-Injunction Act authorizes a court to issue an injunction, the court must also comply with Federal Rule of Civil Procedure 65, including an explanation of the reasons why it was issued. *See* Fed. R. Civ. P. 65(d)(1). This was a major concern of the Court causing it to ask the

parties for authority. The proposed preliminary approval order contains no such explanation, and the Court will not create one without any evidence being presented for it to make the necessary findings. Additionally, Rule 65(d)(2) requires actual notice to all persons bound by an injunction, but the proposed notice to the class says nothing of the injunction, though it does refer class members to a website with the proposed Settlement Agreement itself.

The parties have cited other cases they claim also support the use of anti-suit injunctions to aid settlements, but all of them predate *In re Jimmy John's* and *Adkins*. For instance, in *Kaufman v. Am. Express Travel Related Srvs. Co., Inc.*, 264 F.R.D. 438, 450 (N.D. Ill. 2009), the district court held that the All Writs Act authorized it to stay a state court case to effectuate a settlement in the federal case because it would "assur[e] the integrity of the class, ensur[e] the enforceability of the court's orders, and protect[] any settlement funds." But that rationale would not seem to survive *In re Jimmy John's* and *Adkins*. *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781 (7th Cir. 2004) reversed a district judge's order granting final settlement approval, and only fleetingly mentioned that anti-suit injunctions are "occasionally" issued without analyzing when such injunctions are appropriate. Finally, in *In re Synthroid Marketing Litig.*, 197 F.R.D. 607, 610 (N.D. Ill. 2000), a district judge stated that an "injunction, where necessary to protect the court's earlier orders, including preliminary approval of the settlement of this class action, is authorized under the All Writs Act, 28 U.S.C. § 1651(a)." But the judge declined to issue an injunction after concluding that sending corrective letters to class members, who had received inaccurate information about the suit from a non-party, would be effective.

The position paper also includes a string-cite of numerous other cases that have entered anti-suit injunctions as part of the order preliminarily approving a class settlement. But the two Northern District of Illinois cases cited do not explain their bases for entering a preliminary injunction. These cases are not precedential. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). Moreover, cases that do not discuss an issue have no precedential value. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33 (1952).

The Court has a fiduciary duty to the class members. *Kaufman v. Am. Express Travel Related Servs. Co.*, 877 F.3d 276, 283 (7th Cir. 2017). The Court is not going to enjoin class members from filing other litigation that may upset this settlement simply to help ensure that this case is removed from its docket. The parties have provided no legal bases for that request nor any facts upon which a proper injunction could be entered.

For these reasons, the Court will not sign the proposed preliminary approval order containing a preliminary injunction. By December 10, 2021, the parties shall submit a revised proposed preliminary approval order for the Court's review.

Date: November 24, 2021    By: _____
IAIN D. JOHNSTON
United States District Judge