UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JAMIE HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-50286 |
| | ) | |
| v. | ) | Hon. Iain D. Johnston |
| | ) | |
| MERCY HEALTH CORPORATION, et al., | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Mercy Health Corporation and Mercy Health System Corporation ("Defendants") in connection with the management of the Mercy Health Corporation Employees' Retirement Plan, the Rockford Health System Retirement Plan, and the Rockford Health Physicians Retirement Plan.

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated December 8, 2021, executed by Class Counsel and Defendants' Counsel. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

  A. The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

  B. The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

  C. Class Counsel and the Class Representatives have submitted declarations in support of the Settlement; and

  D. Considering the relevant Seventh Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

**2.** **Fairness Hearing:** A hearing will be held on May 2, 2022, 10:00 a.m., in Courtroom 5200 of the Stanley J. Roszkowski United States Courthouse, 327 South Church Street, Rockford, Illinois, of the United States District Court for the Northern District of Illinois, before the undersigned United States Judge, to determine, among other issues:

  A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

  B. Whether the Court should enter the Final Approval Order, and

  C. Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

**3.** **Settlement Administrator:** The Court approves and orders that Analytics Consulting LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

      A.      The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

      B.      The Settlement Administrator shall use the data provided by Defendants and the Plans' recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

      C.      The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4.** **Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the Mercy Health Corporation Employees' Retirement Plan at any time from August 3, 2014 through December 10, 2021, and all participants and beneficiaries of the Rockford Health System Retirement Plan and Rockford Health Physicians Retirement Plan at any time from January 1, 2017 through December 10, 2021, excluding members of the Mercy Health Corporation ERISA Benefit Plans Advisory Committee for the Plans at any time during the Class Period.

The Court appoints Jamie Hill, Kathryn Neild, and Tricia Marvin as representatives for the Settlement Class. Further, the Court appoints Nichols Kaster, PLLP and Walcheske & Luzi, LLC as counsel for the Settlement Class.

**5.** **Class Notice**: The Settling Parties have presented to the Court the Settlement Notices, which are the proposed forms of notice regarding the Settlement for mailing to Class Members, and the proposed Former Participant Rollover Form to Former Participants.

A. The Court approves the text of the Settlement Notices and Former Participant Rollover Form and finds that the proposed forms and content therein fairly and adequately:

i. Summarize the claims asserted;

ii. Describe the terms and effect of the Settlement;

iii. Explain how Former Participants can submit a Former Participant Rollover Form

iv. Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

v. Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

vi. Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation.

B. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

C. The Settlement Administrator shall send by first class mail the appropriate Settlement Notice to each Class Member and the Former Participant Rollover Form to each

Former Participant within forty-five (45) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by the Plans' recordkeeper. The Settlement Notices shall be mailed by first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plans' recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper (or its designee). The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

        D.     Former Participants must file a Former Participant Rollover Form with the Settlement Administrator by April 21, 2022, in order to receive a settlement payment via rollover pursuant to the Plan of Allocation. Former Participants who do not submit a Former Participant Rollover Form will receive their settlement payment via check pursuant to the Plan of Allocation.

        E.     On or before the date that Settlement Notices are sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Settlement Notices on the Settlement Website.

    **6.**    **Objections to Settlement**:    Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

7. **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

8. **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website.

9. **CAFA Notices**: The Court approves the form of the CAFA notices attached as Exhibit 6 to the Settlement Agreement and orders that upon the mailing of the CAFA notices, Defendants shall have fulfilled their obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1711, *et seq.*

**IT IS SO ORDERED.**

Dated: December 10, 2021

Hon. Iain D. Johnston
United States District Judge